**E-FILED on**   9/12/06

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re PALM TREO 600 and 650 LITIGATION | **Master File No. C-05-03774 RMW** |
| This Document Relates To: <br> WILLIAMS, C-06-00907 | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR UNTIMELY SERVICE; ORDER TO SHOW CAUSE TO REGINALD VON TERRELL, THE TERRELL LAW GROUP, DONALD CHIDI AMAMGBO, AND AMAMGBO & ASSOCIATES AS TO WHY THEY HAVE NOT VIOLATED 28 U.S.C. § 1927 <br><br> **[Re Docket No. 4]** |

    Defendant Palm, Inc. moves to dismiss the complaint of plaintiffs Fred Williams and Carman Johnson under Federal Rule of Civil Procedure 12(b)(5). The motion was heard on September 1, 2006. According to Palm's motion,[1] plaintiffs served Palm 130 days after filing their complaint. Rule 4(m) states

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that

---

[1] Palm submits no evidence to support its assertion that plaintiffs served it on June 21, 2006. The docket for this case indicates the complaint was filed on February 10, 2006. As the plaintiffs have filed nothing in response to Palm's motion (in violation of Civil L.R. 7-3(a), (b)), the court will accept Palm's representation regarding when plaintiffs served it.

      defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Palm points out that Williams and Johnson's complaint is nearly identical to the original complaint from *Loew v. Palm, Inc.*, Case No. C-05-03980; the *Loew* action is now part of the consolidated action against Palm.[2] *See* Collanton Decl., Exs. 1-3. Palm requests that because Williams and Johnson's complaint adds nothing to this litigation,[3] their complaint be dismissed with prejudice. Plaintiffs did not file an opposition to the motion or a statement of non-opposition, or advise the court or opposing counsel that they would not appear at the hearing on the motion. Rule 4(m) only allows dismissal without prejudice; the court will therefore Williams and Johnson's complaint without prejudice.

      The filing of a putative class action complaint that is nearly identical to (and apparently copied from) one already pending does nothing but needlessly increase the administrative work necessary to determine the merits underlying the first complaint. At the time Williams and Johnson filed their complaint, the prior six actions had been consolidated, and a management structure for plaintiffs' counsel established, and a consolidated complaint filed. *See* Pretrial Order no. 1 ¶¶ 6-10, 13. Williams and Johnson's failure to timely serve led to a motion to dismiss, which they neither opposed nor filed a statement of non-opposition in response to. None of this work was necessary or advanced the interests of Williams and Johnson.

      Williams and Johnson's attorneys—Reginald Von Terrell, the Terrell Law Group, Donald Chidi Amamgbo, and Amamgbo & Associates—are therefore ordered to show cause why the court should not find they have "unreasonably and vexatiously" multiplied proceedings and

---

[2] Under the terms of the order consolidating six actions as *In re Palm Treo 600 and 650 Litigation*, the relation of this action to the consolidated action is sufficient to add this action to the consolidated proceedings. *See* Pretrial Order no. 1 ¶ 1. The parties' stipulation regarding consolidation is thus unnecessary.

[3] As Palm points out, paragraph thirty-one of Williams and Johnson's complaint refers to "Plaintiff Sun," one of the plaintiffs from the original complaint in *Loew*. Williams and Johnson's complaint was filed with "C 05 3980"—the case number for *Loew*—listed on the first page. Palm also admits that dismissal of Williams and Johnson's complaint will not affect their possible recovery as potential class members in the consolidated action.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR UNTIMELY SERVICE; ORDER TO SHOW CAUSE TO REGINALD VON TERRELL, THE TERRELL LAW GROUP, DONALD CHIDI AMAMGBO, AND AMAMGBO & ASSOCIATES AS TO WHY THEY HAVE NOT VIOLATED 28 U.S.C. § 1927—Master File No. C-05-03774 RMW
JAH        2

United States District Court
For the Northern District of California

1  require them to pay defendant's costs, expenses, and reasonable attorneys' fees.  *See* 28 U.S.C. §
2  1927.  Their explanation should include why they filed the complaint in this action, what they
3  hoped to gain for their clients by doing so, why they did not appear at the hearing or file a
4  statement of non-opposition, and why they did not otherwise notify the court or opposing counsel
5  as to the fact that they would not appear for the scheduled hearing.

**ORDER**

For the foregoing reasons, the court

    (1)  dismisses Williams and Johnson's complaint without prejudice, and

    (2)  orders Reginald Von Terrell, the Terrell Law Group, Donald Chidi Amamgbo, and Amamgbo & Associates to show cause by September 22, 2006 why they should not be required under 28 U.S.C. § 1927 to pay defendant's costs, expenses, and reasonable attorneys' fees.

DATED:  9/6/06

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR UNTIMELY SERVICE; ORDER TO SHOW CAUSE TO REGINALD VON TERRELL, THE TERRELL LAW GROUP, DONALD CHIDI AMAMGBO, AND AMAMGBO & ASSOCIATES AS TO WHY THEY HAVE NOT VIOLATED 28 U.S.C. § 1927—Master File No. C-05-03774 RMW
JAH                                                            3

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiffs:**

Reginald Von Terrell       REGGIET2@AOL.COM
Donald Chidi Amamgbo    DonaldAmamgbo@Citycom.com
Ira P. Rothken             ndca@techfirm.com

**Counsel for Defendant:**

Roger E. Collanton        rcollanton@mofo.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**      9/12/06                              /s/ JH
                                            **Chambers of Judge Whyte**

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR UNTIMELY SERVICE; ORDER TO SHOW CAUSE TO REGINALD VON TERRELL, THE TERRELL LAW GROUP, DONALD CHIDI AMAMGBO, AND AMAMGBO & ASSOCIATES AS TO WHY THEY HAVE NOT VIOLATED 28 U.S.C. § 1927—Master File No. C-05-03774 RMW
JAH                                              4